# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

BENNETT A. SHIELDS,

Plaintiff,

v.

CARMEN CASTANEDA; MINNESOTA
DEPT. OF HEALTH; MINNESOTA
DEPT. OF HUMAN SERVICES;
HENNEPIN HEALTHCARE HCMC;
MINNESOTA VISITING NURSES
ASSOCIATION, MVNA; SARA MAYES;
EDEN SENIOR CARE; EDENBROOK
EDINA; KELLY ELLIS; MARIE
LARSON, (Robertsdahl); CRYSTAL
DUCKSWORTH; HENNEPIN CO.
ATTORNEY OFFICE; CAROLYN A.
PETERSON, Esq., AMANDA W. JONAS
LLC; AMANDA W. JONAS; ADULT
PROTECTION SERVICES HENNEPIN
CO.; ERNIE KULAS; and JESSICA L.
LUEHRING,

Defendants.

Case No. 21-CV-1272 (PJS/DTS)

**ORDER**

Plaintiff Bennett A. Shields commenced this action in May 2021. Shields also applied for *in forma pauperis* ("IFP") status at that time, making his complaint subject to substantive preservice review under 28 U.S.C. § 1915(e)(2)(B). In conducting that preservice review, Magistrate Judge David T. Schultz noted that the complaint filed by

1

Shields was deficient. *See* Order of June 10, 2021 at 1 [ECF No. 5] ("The exact events at issue in this matter are not entirely clear from the complaint, and the specific roles in those events of many of the eighteen defendants named to this action are left unexplained."). Rather than recommend dismissal of this action under § 1915(e)(2)(B), however, Magistrate Judge Schultz granted Shields leave to file an amended complaint. *Id*. Shields was also referred for potential assistance from a volunteer attorney in drafting that amended complaint. *Id*.

The initial deadline set for Shields to file his amended complaint was 45 days from the date of the order discussed above — that is, July 25, 2021. Shields asked for and received an extension of that deadline until September 7, 2021. *See* Order of July 21, 2021 at 1 [ECF No. 8]. On the day of that second deadline, Shields asked for another extension. This request was also granted by Magistrate Judge Schultz, with the deadline now pushed back to October 15, 2021. *See* Order of September 8, 2021 [ECF No. 10]. Shields was warned, however, that no further extensions of the deadline would be granted. *Id*.

But that deadline, too, passed without Shields filing an amended complaint. The next business day, Shields submitted an "affidavit of correspondence" explaining his tardiness: He had arrived at the courthouse on October 15 at 4:28 p.m., but the doors to the Clerk's Office, which closes at 4:30 p.m., had already been locked. *See* Affidavit of Bennett A. Shields at 1-2 [ECF No. 12]. Meanwhile, over the interceding weekend,

2

Shields had lost the sole copy of the amended complaint that he had intended to file. *Id.* at 2. Shields therefore asked for yet more time to file a new pleading. *Id*.

Despite the earlier warning that no further extensions would be granted, another extension to file an amended complaint was granted to Shields, with the deadline now delayed until November 12, 2021. *See* Order of October 21, 2021 [ECF No. 13]. Then came another request for an extension from Shields; again the request was granted, and the deadline was pushed to January 31, 2022. *See* Order of November 16, 2021 [ECF No. 15]. And then, once more, another request for more time and another extension from the Court, this time to February 28, 2022. *See* Order of February 2, 2022 [ECF No. 17].

Shields did not file his amended complaint on or before February 28. The next day, Shields arrived at the courthouse — not with an amended pleading, but with another motion for an extension of time to file his amended complaint. Shields now seeks an extension this time on the grounds that he had recently undergone surgery and that the documents he had drafted for this litigation were saved on the computer of a friend who had contracted Covid-19. *See* ECF No. 18. Shields now asks for several more weeks to file his amended complaint. *Id*.

This final motion for an extension will not be granted. Shields's request in isolation is not unreasonable, and under almost any other circumstances, the Court would afford a litigant recovering from surgery more time to prepare a document. The problem, though, is that this is not Shields's first request for more time to file an

3

amended complaint, but his sixth.  *See* ECF Nos. 7, 9, 12, 14, & 16.  It has now been nine months since Shields was first warned that his initial pleading was deficient, and it has been six months since Shields arrived at the courthouse, amended complaint in hand, only to discover that the doors had been locked two minutes prematurely.  At any point during that time, including during the two weeks that have passed since he made his most recent request for more time, Shields could have submitted an amended complaint that, upon filing, would have become the operative pleading in this matter.  *See* Fed. R. Civ. P. 15(a)(1).

It is clear that Shields is not currently prepared to litigate this case.  This is not a problem that can be solved through yet another extension of the amendment deadline.  If Shields were to file an amended complaint that survived preservice review, the Court would expect Shields thereafter to be an active participant in the litigation that he had brought.  Shields would be required to attend hearings, prepare disclosures, draft and respond to interrogatories and requests for admission, participate in depositions, meet briefing schedules for both dispositive and nondispositive motions, and much else.  By contrast, relatively little has been asked of Shields to this point — only the filing of a single document containing a "short and plain statement" of his claims for relief.  Fed. R. Civ. P. 8(a)(2).  More time to submit an amended complaint would not do Shields any practical good if he cannot meet the many other responsibilities that would be required of him during this lawsuit.

4

Because Shields has not filed an amended complaint, the initial complaint [ECF No. 1] remains the operative pleading in this matter. A complaint will be dismissed where an IFP applicant, such as Shields, has failed to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id.* at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

As pointed out by Magistrate Judge Schultz all the way back in June 2021, the complaint submitted by Shields is deficient. Shields seeks relief under a federal criminal statute that does not provide a private right of action. *See* Complaint at 7 [ECF No. 1] (citing 18 U.S.C. § 242); *Houck v. Ball*, 511 F. App'x 704, 704 (10th Cir. 2007) (citing *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 511 (2d Cir. 1994)). Shields seeks

relief under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 551-559, despite no agency or officer of the federal government being named as a defendant. *See* 5 U.S.C. § 551(1) (defining "agency" for purposes of the APA); *Shell Gulf of Mex. Inc. v. Ctr. for Biological Diversity, Inc.*, 771 F.3d 632, 636 (9th Cir. 2014) (noting that "[a]ctions under the APA may be brought only against federal agencies."). Another federal statute cited by Shields, 5 U.S.C. § 2302, is similarly inapplicable to the state and private actors who have been named by him as defendants. Shields cannot seek relief for alleged constitutional violations under 42 U.S.C. § 1983 from private parties who are not alleged to have engaged in joint activity with the State. *See Youngblood v. Hy-Vee Food Stores, Inc.*, 266 F.3d 851, 855 (8th Cir. 2001). Nor can Shields seek relief under § 1983 directly from agencies, departments, or other instrumentalities of the State of Minnesota, *see Monroe v. Ark. State Univ.*, 495 F.3d 591, 594 (8th Cir. 2007), or damages from state actors named only in their official capacities, as Shields has done, *see Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619-20 (8th Cir. 1995). Each of the causes of action expressly invoked by Shields in his complaint therefore fails for one reason or another.

Moreover, the factual allegations presented in the complaint are simply too cursory to permit a reasonable inference that any of the defendants violated *any* federal statute with respect to Shields. Indeed, very little of the complaint consists of factual allegations at all; more than half of the complaint is no more than a list of the parties, *see* Complaint at 1-6, and what remains of the pleading consists largely of Shields's

6

complaints regarding the difficulties that he has had litigating other matters involving the same defendants, *see id.* at 8-9. Shields does allege that his mother has been "neglected" and "abused" while "under the control of defendants," *id.* at 8, but this claim is entirely conclusory; never does Shields explain what this neglect and abuse has entailed, or which of the many defendants is responsible for the alleged neglect and abuse. Also conclusory are Shields's allegations that he has been "deprive[d] . . . of an intimate relationship with his mother," *id.*, and that he has been subjected to "malicious prosecution," *id.* at 9. Without further clarification regarding what, specifically, Shields believes to have occurred, the defendants cannot reasonably be expected to respond to the complaint — especially as no factual allegations whatsoever are pleaded with respect to the vast majority of defendants, who therefore would have no reason from the complaint to understand why they have been included in this lawsuit at all.

Accordingly, this matter will be dismissed without prejudice pursuant to § 1915(e)(2)(B)(ii). Because the lawsuit is being dismissed without prejudice, Shields is not precluded from returning to federal court when he is more prepared to litigate his claims.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. This matter is DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B).

2. The application to proceed *in forma pauperis* of plaintiff Bennett A. Shields [ECF No. 2] is DENIED.

3. Shields's motion for an extension of time [ECF No. 18] is DENIED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: March 14, 2022

s/Patrick J. Schiltz
Patrick J. Schiltz
United States District Judge